## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA PIPER, as Executrix of the Estate of Michael Piper, Deceased, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYER CROPSCIENCE LP, *et al.*,<br><br>Defendants. | Case No. 3:21-cv-00021-NJR<br><br>**JURY TRIAL DEMANDED** |
| JOHN C. SWANSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYER CROPSCIENCE LP, *et al.*,<br><br>Defendants. | Case No. 3:21-CV-00046-NJR<br><br>**JURY TRIAL DEMANDED** |
| CHARLES LEX,<br><br>Plaintiff,<br><br>v.<br><br>BAYER CROPSCIENCE LP, *et al.*,<br><br>Defendants. | Case No. 3:21-CV-00122-NJR<br><br>**JURY TRIAL DEMANDED** |
| JONES PLANTING CO. III, on behalf of itself and all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>BAYER CROPSCIENCE LP, *et al.*,<br><br>Defendants. | Case No. 3:21-CV-00173-NJR<br><br>**JURY TRIAL DEMANDED** |

1

| | |
|---|---|
| JASON J. CANJAR D/B/A YEDINAK REGISTERED HOLSTEINS, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAYER CROPSCIENCE LP, *et al.*,<br><br>Defendants. | Case No. 3:21-CV-00181-NJR<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY PENDING DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION OR, IN THE ALTERNATIVE, FOR AN EXTENSION OF TIME TO RESPOND**

**INTRODUCTION**

Defendants' Motion to Stay should be denied because it would only delay the inevitable. The JPML's Rules expressly state that district court actions are not stayed by an MDL petition, so these cases should proceed while the Panel deliberates. Defendants will not be prejudiced if the stay is denied because responsive pleadings and discovery—the activities most likely to occur before the Panel makes a decision—will take place regardless of whether or where an MDL is established. In contrast, Plaintiffs *will* suffer prejudice because their cases will be unilaterally stopped while Defendants' anticompetitive conduct and supracompetitive pricing continues unabated. Judicial resources, meanwhile, will not be wasted if a stay is denied because the Court's primary role at this time is hands-off supervision of standard pretrial activities.

Defendants' dramatic descriptions of logistical hurdles and squandered resources are excessive. The same counsel represent Defendants in all of the related actions and—as reflected in their stay negotiations with various plaintiff groups—they are capable of coordinating efforts until an MDL decision issues. There is no reason why responsive briefing and early discovery could not be synchronized to streamline deadlines and maximize efficiencies. Whether Defendants

want to coordinate across the actions or not, there is no dispute that minimal cooperation would resolve most, if not all, of the issues identified in their Motion. For these reasons, Defendants' Motion should be denied.

## ARGUMENT

**I.    DISTRICT COURT PROCEEDINGS SHOULD CONTINUE WHILE AN MDL MOTION IS PENDING.**

JPML Rule 2.1(d) provides: "The pendency of a motion . . . before the Panel pursuant to 28 U.S.C. §1407 does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court." J.P.M.L. R. 2.1(d) (2021). "In other words, a district judge should not automatically stay discovery, postpone rulings on pending motions, or generally suspend further rulings upon a party's motion to the Judicial Panel for transfer and consolidation." *In re Pradaxa Prods. Liability Litig.*, 2012 WL 2357425, at *2 (S.D. Ill. June 20, 2012). *See also* Manual for Complex Litigation (Fourth) §20.131 (2004); *Smokey Alley Farm P'ship v. Monsanto Co.*, 2018 WL 278624, at *1 (E.D. Mo. Jan. 3, 2018) ("A court need not automatically stay a case merely because a party has moved the MDL for transfer and consolidation.")

Stays are an exception to the general rule that litigation should proceed efficiently, so "[t]he proponent of a stay bears the burden of establishing its need." *Abbott v. Lockheed Martin Corp.*, 2007 WL 3145017, at *1 (S.D. Ill. Oct. 25, 2007) (internal quotations omitted). *See also Smokey Alley*, 2018 WL 278624, at *1 (same). The moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936). *See also Coleman v. Verde Energy U.S.A., Inc.*, 2017 WL 1382875, at *1 (S.D. Ill. April 18, 2017) ("[I]f there is even a fair possibility that the stay will work damage to someone else, the party

seeking the stay must make out a clear case of hardship or inequity in being required to go forward." (internal quotations omitted)); *Pradaxa*, 2012 WL 2357425, at *2 ("the court is not persuaded that [defendant] would suffer any unacceptable hardship or inequity if pretrial proceedings are not stayed.") For the reasons that follow, Defendants have not met their burden.

## II.   DEFENDANTS ARE NOT PREJUDICED IF THE STAY IS DENIED.

Defendants contend that "if this Court does not grant a stay and the JPML subsequently establishes a multidistrict litigation in a different court, all of the time, effort, and cost that the parties—who face the upcoming burden of responsive pleadings or motions—will have expended in the intervening months could never be recovered." (*Piper*, Dkt. 90 at 8-9). This prediction is both untrue and needlessly dire. Preliminary pretrial activities performed while the Panel deliberates will be useful regardless of the outcome, and a minimum of coordination among the Parties will eliminate many of the illusory roadblocks thrown up by Defendants to justify the stay.

Defendants will be required to file responsive pleadings regardless of how the MDL motion is resolved, so there is no prejudice in proceeding with that process now. *Am. Sales Co., LLC v. Warner Chilcott Pub. Ltd. Co.*, 2013 WL 4016925, at *2 (D. R.I. August 6, 2013) (collecting authority for the proposition responsive pleadings should proceed regardless of an MDL motion). *Smokey Alley Farm Partnership v. Monsanto Company* is instructive. Plaintiffs there moved to stay proceedings while an MDL motion was pending. *Smokey Alley,* 2018 WL 278624, at *1. Plaintiffs argued, as Defendants do here, that a stay was necessary to "avoid the risks of inconsistent decisions and briefing dispositive motions that are unlikely to be addressed by the JPML." *Id.* at *2.

The district court disagreed, explaining:

> [T]he potential for related motion practice is insignificant inasmuch as the only substantive actions likely to take place will be the briefing of Defendants' motions

4

>to dismiss, and such briefing must take place regardless of whether the case is transferred. In any event, the Court may address such issues as they arise to avoid an unnecessary stay at this time . . . Thus, what activity is likely to occur before the MDL panel issues its decision will not be useless.

*Id.* at *3. The Court added that "[w]hether the issues in the motions to dismiss are briefed in an MDL, or before this Court, they still have to be briefed. Thus, requiring Plaintiffs to defend against the motions to dismiss would not constitute a clear case of hardship or inequity to warrant a stay." *Id.* at *4. Furthermore, the court reasoned, "[m]oving the case forward by having the motions to dismiss fully briefed and ready for adjudication by this Court or another court, will not prejudice either party." *Id.* at *4. Finding it had an interest in securing a just, speedy, and inexpensive resolution, the court denied the stay. *Id.*

The same rationale applies here. Defendants must file a responsive pleading. Drafting those pleadings now, as opposed to months from now after the Panel issues its decision, is not prejudicial. Defendants argue they are prejudiced because such briefing will occur in various jurisdictions and the governing law in the transferee district might differ from that of the originating districts. (*Piper*, Dkt. 90 at 7 & 10). Tellingly, Defendants fail to identify any actual conflicts of authority.[1] Their bare speculation that some unknown conflict may appear is hardly enough to make out the clear case of hardship necessary to justify a stay. Like the *Smokey Alley*

---

[1] Having failed to identify any conflicts of authority in their Motion, Defendants may not do so for the first time in their reply because that would deny Plaintiffs a fair opportunity to address that supposed conflict. *See Hernandez v. Cook Cty. Sheriff's Off.*, 634 F.3d 906, 913 (7th Cir. 2011) (explaining that it is "well established" that arguments "made for the first time in reply briefs" are treated as waived, in order "to ensure that the opposing party is not prejudiced by being denied sufficient notice to respond"). Plaintiffs would be particularly prejudiced here because the Local Rules for the Southern District of Illinois prohibit sur-replies. *See* L.R. 7.1(g) ("Under no circumstances will sur-reply briefs be accepted.")

court, this Court "may address such issues as they arise to avoid an unnecessary stay." *Smokey Alley*, 2018 WL 278624, at *3.

Moreover, MDL proceedings, by their very nature, arise when similar cases are pending in multiple jurisdictions. The Panel understands those implications, yet decided to *expressly encourage* district courts to continue moving their dockets by enacting J.P.M.L. Rule 2.1(d). That Rule represents a considered policy decision that the desire to advance cases outweighs any concerns about complications associated with multi-jurisdictional briefing. This policy makes particular sense in cases like this one, where nearly all of the complaints, including those filed in other jurisdictions, essentially copy the facts and legal claims from *Piper v. Bayer CropScience LP,* 3:21-CV-00021-NJR, the first-filed action. As a result, Defendants need not "re-invent the wheel" with each brief.

This same reasoning applies to discovery. "There is no automatic stay pending a decision from the Panel; therefore, it is correct to assume that courts (and the Panel) anticipate that plaintiffs should generally be permitted to proceed with discovery while the Panel considers pending motions to consolidate, unless other circumstances are present." *Strumlauf v. Starbucks Corp.*, 2016 WL 3645194, at *1 (N.D. Cal. July 6, 2016). In this context, *Pradaxa* is directly on point. There, as here, defendants moved to stay all proceedings while an MDL motion was pending. *Pradaxa*, 2012 WL 2357425, *1 (S.D. Ill. June 20, 2012). There, as here, multiple actions were pending in multiple districts. *Id.* There, as here, plaintiffs moved to establish an MDL in the Southern District of Illinois. *Id.* And there, as here, defendants contended a stay was necessary "to conserve judicial resources and prevent unfair prejudice to the parties." *Id.*

The court reiterated JPML Rule 2.1 and the fact a "district judge should not automatically stay discovery" or other pretrial activities. *Id.* at *2. Noting that 11 cases were pending in the

district, the court explained "[t]his is far too many cases to ignore the issues that are of concern to this Court while the MDL Motion is being resolved." *Id.* The court further stated:

> These cases are in the early stages of discovery. Staying these actions will not alter [defendant's] burden with respect to discovery. Instead a stay would simply delay discovery's commencement. [Defendant], whether it is on the timeline set by the undersigned or by another judge, will still have to turn over the same documents and make available the same witnesses for deposition. Accordingly, even if these cases are ultimately consolidated with another federal district court, any prejudice would be minimal.

*Id.* The stay was denied. *Id.*

An identical result should issue in this case. Whatever the outcome of the MDL motion, Defendants will still have to produce documents and witnesses.[2] As *Pradaxa* recognized, staying such productions during MDL deliberations "simply delay[s] discovery's commencement." *Pradaxa*, 2012 WL 2357425, *2. Moreover, because discovery is governed by the same Federal Rules of Civil Procedure regardless of forum, Defendants need not navigate potentially contrary law amongst the possible MDL districts. As such, the Court should reject Defendants' claim that any discovery performed now would be wasted. Ultimately, with regard to both responsive pleadings and discovery, "what activity is likely to occur before the MDL panel issues its decision will not be useless" because it will occur regardless of how the MDL motion is resolved and will be useful to whatever court presides over these cases. *Smokey Alley*, 2018 WL 278624, at *3.

In fact, because the same counsel represents Defendants in all of the actions, a modicum of coordination across the cases would drastically reduce Defendants' alleged burdens. *See, e.g., Blackmore v. Smitty's Supply, Inc.*, 451 F.Supp.3d 1003, 1008 (N.D. Iowa March 31, 2020)

---

[2] Any argument that discovery should be further delayed until any motions to dismiss are decided should also be rejected. "Generally, the filing of motions to dismiss does not automatically stay discovery." *Beatty v. Acc. Fund Gen'l Ins. Co.*, 2018 WL 806581, at *1 (S.D. Ill. Feb. 9, 2018). *See also SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988); *Steward v. Honeywell Int'l, Inc.*, 2019 WL 4954811, at *1 (S.D. Ill. July 9, 2019).

7

("coordinated discovery [is] feasible without formal consolidation in an MDL" where the same counsel represents the parties); *Strumlauf*, 2016 WL 3645194, at *2 ("The only duplication . . . appears to be discovery-related, and with some foresight and organization, Defendant will not have to expend too many resources . . . in the multiple actions.") Yet Defendants have taken no steps to solve the problems asserted in their Motion. Defendants have not, for example, tried to negotiate a uniform responsive briefing schedule (outside the context of their requested stay for all proceedings) or uniform Rule 26 conference dates with the various Plaintiff groups, even though this would alleviate Defendants' concern that "[a]ny effort to progress these cases now would only serve to place the cases on different trajectories in four different judicial districts in four different circuits, resulting in duplication, wasted effort, and judicial inefficiency." (*Piper*, Dkt. 90 at 3).

When they wanted a stay, Defendants were readily able to negotiate with multiple Plaintiff groups. (*Piper*, Dkt. 90 at 3). This same avenue is open to them for discussing briefing, scheduling, and discovery. Defendants cannot selectively engage with Plaintiffs, then claim prejudice when their own lack of cooperation precludes streamlined and efficient pretrial activities. If Defendants displayed the "foresight and organization" required to move these actions forward in a useful way, many of the issues identified in the Motion would not be issues at all. *Strumlauf*, 2016 WL 3645194, at *2. This factor favors denying the stay.

### III. PLAINTIFFS WOULD BE PREJUDICED IF THE STAY WERE GRANTED.

In contrast to Defendants, Plaintiffs would be prejudiced if the stay were granted. A stay needlessly delays Plaintiffs' claims while Defendants' ongoing anticompetitive conduct forces Plaintiffs to continue paying supracompetitive prices for crop inputs. *See Strumlauf*, 2016 WL 3645194, *1 ("a stay will thwart Plaintiffs' ability to commence and advance discovery. This would be unfair to Plaintiffs, as it would allow Defendant to unilaterally halt a proceeding

rightfully initiated by Plaintiffs."); *Am. Sales Co., LLC*, 2013 WL 4016925, at * 2 ("granting the requested stay would cause some prejudice to Plaintiff in the form of delay.") Any briefing, discovery or other coordination of pretrial matters will not be wasted. *See* § II, *supra*. Plaintiffs are open to coordinating with Defendants and other plaintiffs to move these cases forward. As such, there is no justification for staying these cases. *See Pradaxa*, 2012 WL 2357425, *2. This factor favors denying Defendants' Motion.

## IV. JUDICIAL RESOURCES WILL NOT BE WASTED IF A STAY IS DENIED.

No judicial resources will be wasted if the stay is denied because, at this point, the district court's primary role is monitoring standard pretrial activities. *See Am. Sales Co., LLC*, 2013 WL 4016925, at *1 ("Because the Court will have little involvement in this case until Defendants respond to the complaint . . . judicial economy also weighs in favor of denying a stay at this point in the proceedings."). Similarly, "[j]udicial resources would not be wasted by continuing to proceed with discovery…while [the] motion with the Panel is pending, since any discovery that occurs will inevitably be required…." *Austin v. Dept. of Corrections*, 2009 WL 3157680, at *1 (N.D. Fla. Sept. 25, 2009). Judicial resources are not being squandered if they are not being expended at all, or only expended on activities that will move the related actions forward regardless of the Panel's decision.

The activities likely to occur while the MDL is pending—responsive pleadings and early discovery—require little court intervention. Contrary to Defendants' prediction that "unless a stay is granted, there is a risk that this Court will needlessly expend[] its energies familiarizing itself with the intricacies of a case that would be heard by another judge," (*Piper*, Dkt. 90 at 9 (internal quotations omitted)), the Court's current role does not yet require a mastery of the facts and legal

9

claims asserted in the various complaints. As such, the Court's resources will not be wasted on "familiarizing itself" with these cases if the stay is denied.[3]

Defendants may argue that discovery cannot proceed absent court involvement in the form of a Rule 26 conference. While that may be true, that does not mean judicial resources devoted to that exercise are wasted. Again, with a minimum degree of cooperation, Parties to *all* of the cases should be able to negotiate a universally applicable schedule. Again, this work would be necessary regardless of whether the Panel orders an MDL. Again, such work would not be in vain since the presiding judge can adopt such a schedule if an MDL is established. And, again, to the extent the Parties are negotiating in good faith while participating in Rule 26 activities, the Court's involvement will be minimal. Simply stated, proceeding will not result in any meaningful waste of the Court's time or resources. This factor favors denying the stay.

## CONCLUSION

Defendants have not established "a clear case of hardship or inequity in being required to go forward." *Am. Sales Co., LLC*, 2013 WL 4016925, at *1. Plaintiffs, in contrast, have shown more than "a fair possibility that the stay for which [Defendants] pray[] will work damage to someone else," *id.*, while also demonstrating that no judicial resources will be wasted if this case proceeds. Defendants' Motion does nothing but delay inevitable briefing and discovery, all of which will be useful regardless of whether or where an MDL is established. Plaintiffs should not be forced to delay their meritorious claims. Defendants' Motion to Stay should be denied.

---

[3] If this Court is selected as the MDL transferee forum, none of the work performed will be wasted. Plaintiffs have requested this outcome and there is a strong case for this Court to be chosen. This possibility also favors denying the stay.

Respectfully submitted,

DATED: March 26, 2021

*/s/ Randall P. Ewing, Jr.*
Stephen M. Tillery (Ill. Bar No. 2834995)
Jamie Boyer (Ill. Bar No. 6281611)
Carol O'Keefe (Ill. Bar No. 6335218)
**KOREIN TILLERY, LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: 314-241-4844
Facsimile: 314-241-3525
stillery@koreintillery.com
jboyer@koreintillery.com
cokeefe@koreintillery.com

George A. Zelcs (Ill. Bar No. 3123738)
John Libra (Ill. Bar No. 6286721)
Randall P. Ewing, Jr. (Ill. Bar No. 6294238)
Jonathon Byrer (Ill. Bar No. 6292491)
Ryan Z. Cortazar (Ill. Bar No. 6323766)
**KOREIN TILLERY, LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: 312-641-9750
Facsimile: 312-641-9751
gzelcs@koreintillery.com
jlibra@koreintillery.com
rewing@koreintillery.com
jbyrer@koreintillery.com


*/s/ Vincent Briganti (by consent)*
Vincent Briganti (pro hac vice)
Christian Levis (pro hac vice)
Roland R. St. Louis, III (pro hac vice)
Noelle Feigenbaum (pro hac vice)
**LOWEY DANNENBERG, P.C.**
44 South Broadway
White Plains, NY 10601
Telephone.: (914) 997-0500
Facsimile: (914) 997-0035
vbriganti@lowey.com
clevis@lowey.com
rstlouis@lowey.com
nfeigenbaum@lowey.com

        */s/ W. Joseph Bruckner (by consent)*
W. Joseph Bruckner (MN No. 0147758)
Robert K. Shelquist (MN No. 21310x)
Brian D. Clark (MN No. 0390069)
Rebecca A. Peterson (MN No. 0392663)
Stephanie A. Chen (MN No. 0400032)
**LOCKRIDGE GRINDAL NAUEN, PLLP**
100 Washington Ave. South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
wjbruckner@locklaw.com
rkshelquist@locklaw.com
bdclark@locklaw.com
rapeterson@locklaw.com
sachen@locklaw.com

*/s/ Linda P. Nussbaum (by consent)*
Linda P. Nussbaum (pro hac vice)
Bart D. Cohen (pro hac vice forthcoming)
**NUSSBAUM LAW GROUP, P.C.**
1211 Avenue of the Americas, 40th Floor
New York, NY 10036
Telephone: (917) 438-9102
lnussbaum@nussbaumpc.com
bcohen@nussbaumpc.com

## CERTIFICATE OF SERVICE AND ECF ATTESTATION

I, Randall P. Ewing, Jr., am the ECF User whose ID and Password are being used to file the foregoing document. I hereby attest that the above listed counsel concurred in this filing. Additionally, the undersigned certifies that a true and correct copy of the foregoing document was served on all counsel of record via the Court's ECF system.

DATED: March 26, 2021                                        */s/ Randall P. Ewing, Jr.*